May it please the Court, Devin Burstein, Federal Defenders of San Diego, on behalf of Mr. Flores-Perez. I intend to reserve five minutes. I'll do my best to keep track of that. Your Honors, at its very core, the idea of double jeopardy is to protect the defendant from having to repeatedly run the gauntlet that is a federal prosecution. Double jeopardy requires the government to put forward its best case first. It forbids it to conduct a series of prosecutions in separate temporal and spatial units in which a defendant can be run down. I think we understand the double jeopardy philosophy and the law. I think what's bothering at least one-third of the panel is whether or not it's colorable. And in order to get there, you have to demonstrate that original jeopardy has been terminated. I think that's the weakness that I see in your case. I'd like to give you a chance to convince me otherwise. But why has jeopardy terminated in the facts of this case? Well, thank you for that opportunity, Judge Wallace. Jeopardy has terminated here, as opposed to in Richardson and Schumann Hour, by the filing of the superseding indictment. That is the real soul distinguishing. How can that possibly retroactively change the hung jury into something else? I mean, it is what it is. And if jeopardy terminated, it did, and the superseding indictment is irrelevant. But if it didn't, the superseding indictment is permissible. I guess it seems like a result and not a distinguishing characteristic. I just don't understand theoretically how that makes any difference. Well, I can understand the question, and I guess I would say that the timeline would go mistrial, and then we know from Richardson and Schumann Hour that jeopardy is continuing at that point. Had the government elected to go forward on its initial indictment, Schumann Hour and Richardson would prohibit this court's jurisdiction interlocutory review of the double jeopardy claim. It's in the filing of the superseding indictment, in the changing of the charges, that the government acts to terminate jeopardy. And the reason that happens is what we know about indictments is that what they do is they act to limit jeopardy. So that, for example, if you are in trial as the defendant on an indictment, the government certainly, and I'm sure they would concede, cannot change the nature of the charges in the middle of trial. They couldn't add. If I was on trial for a bank robbery, they couldn't, in the middle of trial, add murder or arson. They couldn't do that. That would violate the principles of the indictment to give notice. So by filing a superseding indictment, adding an array of additional charges and upping the ante considerably with a mandatory minimum count. I think the main problem is that the original charge was still there. Is that correct? I don't think that that would be a problem. But it is correct that the original charge was still there. The original charge. So at the beginning of the trial, you got A. Then you have the mistrial. You still have A after, but you've added B. You're saying by adding B, you've lost the continuing process of A? I would say by adding B, C, and D here, really, you have lost A, but there's a reason. It's not, it wouldn't be in every case. And I see Judge Graber maybe saying, shaking her head. Why? Why? So it wouldn't, it certainly wouldn't be in every case. But here where the real wrinkle is, and what fits this into the cracks of jurisdiction, where why this is really an open issue and why hopefully the Court is interested in it, is because of the combination of the superseding indictment with what should have been a Rule 29 in Mr. Flores's favor. We have nine jurors voting for not guilty. But that still presumes that we can look, that we have jurisdiction to look behind it. I mean, that's, it sort of folds in on itself with the Rule 29. I mean, we can't get there from here unless the fact of the superseding indictment somehow sweeps away Richardson and its progeny. Right. And, you know, it's really interesting because I, you know, I was rereading Justice Brennan's concurrence in Richardson last night and thinking about, you know, this is the very problem that he's highlighting is this case where you've now, we've now created what would be, but for this distinguishing characteristic that I think is very important, an essentially unreviewable on direct appeal, leaving a mandamus idea to the side, but on a direct appeal interlocutory in error, such that, you know, it leaves Mr. Flores. But it's like any other non-final thing in which there's an error. It passes out of the picture if it's not final. Well, here's the problem with that, Judge Gaber, I think, is that this is not that kind of error because we, this is in a double jeopardy situation. Let me get to it this way. I think this is, had Mr. Flores been guilty, been found guilty, I could come up to you and say the Rule 29 was erroneously denied. He should have gotten a judgment of acquittal. And you, and I would have that ability, he would have that ability to have you actually rule on that. He's now gone through a whole trial. He should have been found guilty in our opinion. That's the merits of our argument, obviously. And he can't now get review of that if Richardson is followed and extended to the superseding indictment context. That's Justice Brennan's point. What are we doing here? How can this be? The trial has ended. He should have been granted a Rule 29 and you can't review it. I'm trying to give you a way where that you can. And I think the superseding indictment is the key because it does change things. It does, in a very material way, change the jeopardy. When we talk about jeopardy, it is literally what is hanging over the man's head. And at the original trial, something very different was hanging over the man's head. At the second trial, if this Court allows it to proceed, there's a mandatory minimum count that would give him three years no matter what, assuming he was found guilty, on top of whatever other sentences. There are two conspiracy counts. There's an array of different charges. Can we really say that his jeopardy is identical? I would submit to the Court that that is not the correct view of the law. And I started, Judge Wallace, with the concept of double jeopardy, not because I thought the Court needed some kind of education. Certainly that was not my intent. But really to get to the core of why the – why my argument about double jeopardy and how the superseding indictment is so important. If the superseding indictment terminates jeopardy, it goes with the spirit. I would, you know, refer the panel back to this Court's language in Castillo-Baza about, you know, the government can't take a mulligan. It's a very funny note, but it's the true note and it gets to the purpose. And maybe the Supreme Court's case in – writing in Ash or in Richardson, Judge Brennan's – Justice Brennan's concurrence. If the superseding indictment doesn't terminate jeopardy, Mr. Flores is quite literally running a far worse gauntlet a second time around. Counsel, I was unable to see in the briefing any case that has held what you're asking us to hold, that is that the superseding indictment terminates jeopardy following a hung jury. Is there any case that so holds, or are you asking us to completely blaze a new trail? There – the short answer to that is no. There is no case that so holds. The longer, if I can give, it is that there is no case the other way either. And the government has tried mightily to fit it in, but there is no case the other way. And that's the – the genuine fact is this slips through the cracks. This is an open issue in an area where maybe you wouldn't expect there to be. But I cited the cases I knew the government was going to cite in my opening brief, and then I cited them again in my reply because they are really not on point. They're – you know, I'm sure Mr. Lesowitz will tell you about Corona and Howard up here, but those are different, different issues. And what's so striking is that those are all decisions on the merits. If it wasn't callable, they couldn't have gotten to the merits. But those do not address Mr. Flores's argument. It's never raised. That concept that you just put very succinctly, Judge Graber, that the superseding indictment terminates Jeopardy has not been raised. It's not – doesn't appear. You will never see, you know, the issue before us is because it hasn't been raised. In that sense, it is novel. And I am asking you to blaze a new trail towards double Jeopardy protection as it was intended originally. I see that I am just about at five minutes, so I would like to reserve the remainder of my time. I don't think anyone has any pending questions, so you may save your time. Thank you very much. May it please the Court. Scott Lesswitz on behalf of the United States. I, first of all, disagree with Mr. Burstein that the United States does not have cases on point here. First of all, Mr. Burstein is basically making two or three arguments as to why this superseding indictment terminated Jeopardy. And if you look at all two or three of those in isolation, each of those theories have been shot down by appellate courts. So, for instance, the example of, well, this is like doing a superseding indictment in the middle of a trial. That exact argument was addressed in the Corona decision, and the Eleventh Circuit dismissed that idea and said it's not the same because the problem of bringing a superseding indictment mid-trial is the lack of notice, the unfairness to the defendant in that he's prepared for X, and all of a sudden he's being charged with Y. Whereas when a superseding indictment is brought after a mistrial, he has plenty of time to prepare. That exact argument has been shot down in Corona. Also, this Court in Howard said that the additional charges in a superseding indictment do not constitute a second Jeopardy. So this idea that because additional charges were brought, that that somehow starts things over or, you know, takes Jeopardy away has been denied. And then also, Mr. Bersiani is correct in the sense that it's dicta, so it's not 100 percent, you know, binding. But this Court in Baker, in very significant dicta, stated that a superseding indictment adding an additional charge after a mistrial did not terminate Jeopardy. So the Baker Court, granted it was dicta, but in dicta answered this exact question we are facing in favor of the United States. And I think what Mr. Bersiani is basically asking this Court to do is overrule Richardson, which it's, obviously, it's a Supreme Court case. It cannot be done. Whether we agree with Richardson or not, it is binding law. Justice Brennan's concurrence does not control. And I also note that another reason to believe that a superseding indictment does not terminate Jeopardy is that, as cited as in, as evidenced by a case that the, Mr. Bersiani cited, the Vavlitas case, the First Circuit case, 9F3rd 206. They allowed the government to dismiss the superseding indictment during trial and proceed on the initial indictment. What that shows is that when a superseding indictment is brought, the initial indictment doesn't even completely go away. So how is it that a superseding indictment is terminating Jeopardy when the government is allowed to proceed to trial on the initial indictment even though it's brought the superseding indictment? It never goes away. It never terminates. And also, another point here is that if bringing a superseding indictment terminates Jeopardy, that means you couldn't have a retrial, because when Jeopardy is terminated, that means you can't do a retrial. So that would mean that any of the counts. Why is that? Because it's supreme. You don't have to bring a superseding indictment after a mistrial to continue with the case, do you? Well, you do not have to, but my point is that if a superseding indictment terminated Jeopardy on the initial counts, you would not be allowed to in any context retry the defendant, because once Jeopardy terminates on a count. I understand that, but I misinterpreted what you said. Obviously, the government didn't have to file a superseding indictment, and I think everybody is in agreement you could go ahead and retry the same case. It's just a question. You've added some counts, and as counsel said, they're substantially different with some minimum mandatories. Does that change the nature of what the government? I think his argument is you change the nature of what the government is asking to have brought against this defendant, and is that sufficient to show that Jeopardy has attached? And your response is? My response is no, because in Howard, additional charges were brought in a superseding indictment, and the court said that this did not constitute a second Jeopardy. That's the 11th Circuit case. No, Howard is the 9th Circuit. Now I'm confused. Yeah, Corona is the 11th Circuit, Howard is the 9th Circuit. Okay. So, but also another issue here, too, is even let's just for argument's sake, and in no way am I conceding this, let's say that Mr. Burstein's arguments are minimally colorable because this exact issue and these exact arguments have never been addressed. I don't believe that, but let's just say it's the case. What would it take, counsel, in a case roughly similar to this one, to have a colorable double Jeopardy claim? I think that would be pure speculation. I mean, I don't know. I just think that this case is not one of those. It would have to be something, I think perhaps if, you know, I don't even want to speculate, because I'm looking at the case at bar, this is not such an example. And one thing I will say is that even if this is minimally colorable, the Richardson court and the Corona court both said, okay, we'll consider it colorable for jurisdictional purposes. We'll look at the merits. But they only looked at the merits of the double Jeopardy claim. And once they then addressed the double Jeopardy claim in full and found that double Jeopardy was not an issue and not possible, they never reached the merits of the ‑‑ What happened at the first trial. And what happened at the first trial. So the same thing should happen here. I strongly argue that this is not colorable. But even if it's minimally colorable, once we then look at a higher burden as to whether a ‑‑ Mr. Burstein is able to prevail on a double Jeopardy claim and whether one double Jeopardy is possible, I think then it clearly ‑‑ he clearly loses, because that's a higher standard, as evidenced by Richardson, Corona, and I'm sure other cases as well. So that's basically the gist of my argument. I just don't see ‑‑ I think the only way to get to the result Mr. Burstein wants is to overturn Richardson and ignore a long line of cases. And the reality is that, as I cite in my brief, it's a very common occurrence for, after a mistrial, for the government to bring a superseding indictment. And courts all across the country take for granted that that's allowed and that there are not double Jeopardy issues involved and that Jeopardy has not terminated as to any of the counts. And I also note that even if we did get to the merits here, which I strongly think we should not, I think we clearly win on that, too. Because I think that of the language that by means of ‑‑ by any means of transportation or otherwise, which is really the language at issue here, the Ninth Circuit has already decided what that language means, that it conclude a conveyance ‑‑ it conclude transporting someone by foot, being a foot guide. Granted, it's not a completely analogous situation, but when we're talking about textual analysis, I don't see why that's important. And the defendant's examples of what otherwise means is by pushing the alien or dragging the alien, I think it's highly unreasonable that that's what Congress was worried about, was people dragging aliens by the foot from point A to point B. And I think basically if you throw out that theory, there really is no other possible meaning for or otherwise than by guiding by foot, telling the person where to go, and that was decided by I believe the decision was Carranza-Chavez. At this point, unless the Court has any more questions, I'm ready to submit. I think we don't. Thank you very much. Mr. Burstein, you have time left. Thank you, Your Honor. Obviously, just because courts around the country may assume one thing or another about the nature of the law doesn't mean that when there's an open issue before this Court that somehow the assumptions that have been pervading the certain court has any bearing. This is a genuine open issue, and I'm a little loathe to go case by case through what the government's arguments are because I figure that you all probably read cases far better than I do. But just briefly, I would note that the argument in Corona is the exact opposite argument to what Mr. Flores is making here. Corona was that you cannot bring a superseding indictment after a mistrial. That is the argument. I'm not making that argument. I agree the government can bring a superseding indictment after a mistrial. There's no statute. But you want them to because, in your view, that gives your client a pass. That would not necessarily always give the client a pass. I mean, I think what Judge Wallace was saying is that the typical case in reality is that there's a mistrial. Very quickly thereafter, there's a retrial on the indictment, and that's what really happens. I agree. That wouldn't be barred. What happens in the superseding indictment context is that that terminates jeopardy, and it would, of the initial indictment, such that that charge couldn't be brought. What is your response to counsel's argument that the government, in this situation, still had a choice, still has a choice? It could try your client on the original indictment again, or it could try him on the superseding indictment. Leaving aside any double jeopardy issue, is that a correct statement of law? I'm not sure how that could leave aside any double jeopardy issues. I mean, could at this point? Right. Would they be free to retry him on the original indictment right now? No, because they've already superseded and terminated jeopardy. So you think that not only terminates jeopardy, but it terminates the government's opportunity even to rely on the original indictment? At this point, right, because, I mean, quite literally, things have started over. So I would say that at this point, jeopardy has attached. It would be at this point we're in the situation where jeopardy, the first period of jeopardy has concluded by the filing of the superseding indictment. That is the act which terminates jeopardy. And therefore, any impanelment of a second jury would, by definition, raise a second period of jeopardy. And the government noted the Valaitis case, if I'm mispronouncing it. I apologize. It's out of circuit. And that's what the court, that's why I cited it, because that's what the court's suggestion was, is that, yeah, there's no double jeopardy problem, because there hasn't been an impanelment or there's not, there was only one jury on one indictment at the trial there. But they suggest, at least, that if there were a second trial with a second jury, at least by implication, that's how I read it, that there would be a double jeopardy problem. Briefly as to Baker, you know, the court said, the government says in very strong BICA, I would submit, Baker, the decision to the court. The argument is not raised. It's hard to have BICA about an argument that's not raised. Howard, the argument, again, is not raised. Howard? Kennedy, you cited in your brief U.S. v. Valaitis. That's the case. Remember? From the First Circuit? Yes. I was just discussing it. What do you make of this following passage from the very case that you cited? A defendant may use the double jeopardy clause to prevent reprosecution following an acquittal or conviction on a superseding indictment, but may not rely on the notion that a superseding indictment instantaneously nullifies the original indictment. Okay. Fair point of law, I guess, besides the point here, Judge Mills, I would argue, because it's not, okay, the context of that case is they're talking about whether there can be two indictments at the same time. That's not a double jeopardy point, per se. Well, it seemed to me that you were citing that case like grasping on straws, you know? Well, I would, if I could just, well, I have four seconds left. And how about the Third Circuit's U.S. v. Cirilli? Did you ever run into that one? I'm not sure that that was cited in the briefs. But going back to your question about valvidus, if I can just answer that. Yes. Please answer Judge Mills's question. If I can just have a moment. Judge Mills, that is a very particular point, and the point was that by filing a superseding indictment, you don't automatically dismiss. That was dealing with at the beginning of trial. There were two pending indictments. And that line is very clear, as Your Honor just read it to me, and I remember it distinctly. And the point is that the second indictment is not automatically dismissed. But what I was pointing to is valvidus fails to show a second attachment of jeopardy. Jeopardy attached when the jury was empaneled for the bank fraud prosecution. There was no empanelment of a second jury. But if you're in for a penny, you're in for a pound. So if you cite the case. That's not, with all, that point is a fine point of law, but it doesn't go to my point. Because what they're saying is you don't automatically dismiss the first indictment by the filing of the superseding indictment. That's well and good. But it doesn't go to the issue of double jeopardy, which there, which the point was that because there was no empanelment of a second jury and no second verdict, thus no relinquishing of the value right to a particular tribunal. That would be the point that I would, that I think is really critical, because that point suggests, at least implicitly, and I know I'm running over, and I apologize, but that suggests at least implicitly. Kennedy. Well, it's on my nickel. All right. That at least suggests implicitly that had there been a second empanelment, which is what Mr. Flores would be facing, there would be second jeopardy. He's been through trial once, Your Honor. He should have been found not guilty at that trial. Double jeopardy should protect him from running the gauntlet and should prohibit the government from taking a mulligan. And on that, I would submit. Thank you, counsel. The arguments of both counsel have been very interesting and helpful. The case is submitted. For a change of pace, we will next hear Fleischer Studios v. Abella, Inc.
judges: Mills, Wallace, Graber